# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DORIAN WILLIAMS,
        Petitioner,

v.                                               Case No. 06C0215

GREGORY GRAMS,
        Respondent.

## ORDER

On February 21, 2006, Dorian Williams filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Waushara County Circuit Court of two counts of second degree sexual assault. He was sentenced to twenty years imprisonment and is currently incarcerated at Columbia Correctional Institution.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Petitioner argues that his trial counsel was ineffective. Ineffective assistance of counsel is clearly a constitutional ground for habeas relief under Strickland v. Washington, 466 U.S. 668 (1984), and its progeny. Additionally, petitioner claims that the trial court

erred when it refused to hold a Machner hearing. A Machner hearing is an evidentiary hearing which may be held when a criminal defendant's trial counsel is challenged for allegedly providing ineffective assistance. State v. Machner, 92 Wis. 2d 797 (Ct. App. 1979). A state's failure to hold an evidentiary hearing may violate due process. See e.g., Hines v. Miller, 318 F.3d 157, 161-62 (2d Cir. 2003) (explaining that a state's failure to hold an evidentiary hearing violates due process if it "offend[s] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental"). Thus, at the present time, it appears that petitioner has alleged at least colorable constitutional issues.

Petitioner has filed a motion to supplement his petition for writ of habeas corpus. This motion will be granted. Petitioner may file supplemental materials with his brief in support of his petition.

Finally, petitioner has named as a respondent Matthew J. Frank, Secretary of the Wisconsin Department of Corrections. Pursuant to Rule 2 of the Rules Governing § 2254 Cases, the proper respondent in this case is the state officer who has custody of the petitioner, Gregory Grams, Warden of Columbia Correctional Institution. Therefore, respondent Matthew J. Frank will be dismissed from this case.

**THEREFORE, IT IS ORDERED** that within thirty (30) days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on

2

the merits of petitioner's claims: (1) petitioner shall have forty-five (45) days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have forty-five (45) days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have thirty (30) days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have forty-five (45) days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have thirty (30) days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

**FURTHER, IT IS ORDERED** that petitioner's motion to supplement his petition is **GRANTED**.

**FURTHER, IT IS ORDERED** that respondent Matthew J. Frank is **DISMISSED** from this case.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form.

3

Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent Gregory Grams and to the Attorney General for the State of Wisconsin, c/o Gregory Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated at Milwaukee, Wisconsin, this 8 day of March, 2006.

/s_____
LYNN ADELMAN
District Judge

4

Case 2:06-cv-00215-LA   Filed 03/08/06   Page 4 of 4   Document 3