UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DORIAN WILLIAMS,
        Petitioner,

    v.                                                  Case No. 06C0215

GREGORY GRAMS,
        Respondent.

## DECISION AND ORDER

        Pro se petitioner Dorian Williams, a Wisconsin state prisoner, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is challenging his state court conviction of two counts of second-degree sexual assault that arose out of petitioner's rape of his cell-mate. Petitioner alleges that his Sixth Amendment right to the effective assistance of counsel was denied because his trial counsel was ineffective.[1]

        Respondent argues that petitioner procedurally defaulted this claim by failing to present it to the state supreme court. In response, petitioner asks me to stay the present action to enable him to return to the state courts and attempt to exhaust such claim by challenging his appellate counsel's failure to raise it. Presumably, petitioner intends to establish cause for any default by showing that his appellate counsel was constitutionally ineffective for defaulting. See Lee v. Davis, 328 F.3d 896, 901 (7th Cir. 2003). However,

---

[1] Petitioner also alleges that the state trial court erred in denying him a post-conviction hearing on his ineffective assistance claim. However, he alleges only that the court erred as a matter of state law, and thus such claim is not cognizable in a habeas corpus petition. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (holding that federal habeas relief may not be granted based on errors of state law).

it is unnecessary to determine whether petitioner defaulted on his primary claim or whether he had cause for the default because it is clear that petitioner's claim fails on the merits. See 28 U.S.C. § 2254(b)(2) (permitting a habeas court to address merits of a claim notwithstanding failure of petitioner to exhaust remedies in state courts).

To prevail in his habeas action, petitioner must establish that the decision of the state court of appeals rejecting his ineffective assistance of trial counsel claim was contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d)(1). Petitioner argues that in rejecting his claim, the state court of appeals unreasonably applied Strickland v. Washington, 466 U.S. 668 (1984), which holds that to prevail on an ineffective assistance claim, a defendant must show that his counsel performed deficiently and that such performance prejudiced him.

Petitioner contends that his trial counsel was ineffective for failing to object to the admissibility of evidence that he was affiliated with a gang and for failing to timely seek to voir dire Dr. Barbara Seldin, an expert witness for the State, who testified how rape victims typically respond to rape. The court of appeals determined that petitioner was not prejudiced by his counsel's conduct because the evidence at issue was admissible under state law. The gang affiliation evidence was admissible because it corroborated testimony that petitioner threatened the victim about disclosing the rapes by stating that he "had people all over the prison system" that "would get to him." And Dr. Seldin's testimony was admissible because it informed jurors how rape victims typically behaved. Thus, the evidence would have been admitted regardless of what petitioner's counsel did. I am not authorized to review state court determinations as to the admissibility of evidence under state law. See Estelle, 502 U.S. at 67-68. Thus, I cannot dispute the court of appeals's

2

conclusion that petitioner's counsel was not ineffective for not objecting to such evidence.

Petitioner might argue that Wisconsin's law of evidence violates due process. But to do so, he would have to show that the admission of the evidence in question rendered the trial fundamentally unfair. See Chambers v. Mississippi, 410 U.S. 284, 302 (1973). It is clear that neither the gang affiliation testimony nor Dr. Seldin's testimony rendered the trial fundamentally unfair. The trial court handled both pieces of testimony with caution and sensitivity. Thus, petitioner's due process rights were not violated.

Petitioner also alleges that trial counsel was ineffective for failing to request a cautionary instruction regarding the testimony about his gang affiliation. The court of appeals stated that counsel's behavior was not unreasonable, because counsel may have determined that the instruction would only call the jury's attention to the issue. This determination does not constitute an unreasonable application of Strickland. It is consistent with the facts of the case and is sufficiently reasoned and plausible. Under Strickland, considerable deference is afforded to the strategic decisions of counsel. 466 U.S. at 689-90.

**THEREFORE, IT IS ORDERED** that petitioner's motion to stay is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's petition for a writ of habeas corpus is **DENIED**, and this case **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 12 day of June, 2007.

/s_____
LYNN ADELMAN
District Judge